**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANQUENITA SCHTEKA HALL, | No. 2:19-CV-0132-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case was before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

On October 8, 2020, mail directed to Plaintiff was returned by the United States Postal Service as undeliverable. Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned. As of January 12, 2021, more than 63 days had elapsed since mail was returned and Plaintiff had not notified the Court of a change of address. Accordingly, the Court issued an order dismissing this case for lack of prosecution and final judgment was issued. See ECF Nos. 34, 35.

The Court's final judgment was mailed to Plaintiff on January 12, 2021, and returned as undeliverable on February 1, 2021. On January 19, 2021, Plaintiff filed a notice of change of address to 2263 Bryant Street in San Francisco, California. See ECF No. 36. Plaintiff filed another notice of change of address on July 19, 2021, to 1746 Revere Avenue, also in San Francisco, California. See ECF No. 37. On December 7, 2021, and March 24, 2022, Plaintiff filed separate motions to re-open the case. See ECF Nos. 38 and 39. Defendant has not filed an opposition to either motion, which the Court construes as motions for reconsideration of the Court's January 12, 2021, final judgment.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

///

///

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Plaintiff's motions are untimely under Rule 59(e) because they were filed more than 28 days after entry of final judgment. Plaintiff's motions are not appropriate under Rule 60(a) because Plaintiff does not contend that the final judgment resulted from any clerical error. The Court, therefore, considers Plaintiff's motions under Rule 60(b)(1) based on excusable neglect. Under Rule 60(b)(1), Plaintiff's motions are timely because they were filed within one year after entry of final judgment.

In her motions, Plaintiff asserts that she did not have a permanent address at the time the Court entered final judgment and that, as a result, she was unable to receive documents in this case or inform the Court of a suitable mailing address. See e.g. ECF No. 38. Based on Plaintiff's declaration, as well as Defendant's failure to file any opposition to Plaintiff's motions, which the Court construes as consent to the relief requested, see Local Rule 230(c), Plaintiff's motions to re-open this case will be granted.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions, ECF Nos. 38 and 39, are granted;

2. The final judgment issued on January 12, 2021, ECF No. 35, is vacated;

3. The Clerk of the Court is directed to re-open this case;

4. Within 30 days of the date of this order, Defendant may file a supplemental brief to advise the Court of any change in circumstances since entry of final judgment in January 2021 which may have bearing on Defendant's motion to dismiss filed on November 19, 2019;

5. Plaintiff may file a reply brief within 15 days of the date of service of any supplemental brief by Defendant;

6. Defendant shall file a response to Plaintiff's motion for default judgment, ECF No. 31, within 30 days of the date of this order; and

7. Plaintiff may file a reply brief within 15 days of the date of service of Defendant's opposition.

Dated:  May 27, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4