IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANQUENITA SCHTEKA HALL, | No. 2:19-CV-0132-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

   Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 30 (minute order reassigning case to Magistrate Judge).  Pending before the Court is Defendant's motion to dismiss, ECF No. 26.  Also before the Court are: (1) Plaintiff's motion for default judgment, ECF No. 31; (2) Plaintiff's motion to enforce entry of default, ECF No. 43; and (3) Plaintiff's motion for decision, ECF No. 49.

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff initiated this action with a pro se complaint. See ECF No. 1. Thereafter, the Court directed service on Defendant. See ECF No. 4. The Court also issued a scheduling order. See ECF No. 6. Upon Plaintiff's failure to comply with the Court's order for Plaintiff to submit service documents to the United States Marshal, the Court directed Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution. See ECF No. 9. Plaintiff responded with a notice of compliance and the Court discharged the order to show cause. See ECF No. 13.

Plaintiff then filed a first amended complaint as of right pursuant to Federal Rule of Civil Procedure 15. See ECF No. 16. Again, the Court authorized service and directed Plaintiff to submit documents necessary for service of process by the United States Marshal. See ECF No. 17. Plaintiff complied. See ECF No. 21. Summons was thereafter returned executed. See ECF No. 22. After Defendant failed to respond within the time permitted under the Federal Rules of Civil Procedure, Plaintiff sought entry of default. See ECF No. 24. The Clerk of the Court then entered Defendant's default. See ECF No. 25. Fifteen days later, Defendant filed the currently pending motion to dismiss the first amended complaint for lack of subject matter jurisdiction. See ECF No. 26. Plaintiff filed an opposition. See ECF No. 27. Plaintiff also filed a motion for default judgment. See ECF No. 31. Defendant filed an opposition. See ECF No. 32.

While Defendant's motion to dismiss and Plaintiff's motion for default judgment were pending, mail directed to Plaintiff was returned undeliverable. Plaintiff failed to file a notice of change of address within the time specified in the local rules and the Court dismissed the action for lack of prosecution. See ECF No. 34. Almost a year later, Plaintiff filed a notice of change of address and motion to re-open the case. See ECF Nos. 37, 38, 39. The Court granted Plaintiff's motion and re-opened the case. See ECF No. 41. Thereafter, Plaintiff filed a motion to enforce the previously entered default. See ECF No. 43. Defendant filed an opposition. See ECF No. 45. Plaintiff has also filed a motion asking the Court to render a decision on her motion to enforce the default. See ECF No. 49. Plaintiff then filed a second

amended complaint without stipulation or leave of Court. See ECF No. 50 (docketed as first amended complaint).

## II.  DISCUSSION

### A.  Default

As outlined above, the Clerk of the Court has entered Defendant's default and Plaintiff seeks a default judgment. In opposition to Plaintiff's motion for default judgment, Defendant asks that the Court set aside the previously entered default based on excusable neglect in timely filing Defendant's motion to dismiss arguing lack of subject matter jurisdiction. See ECF No. 32, pg. 2. Based on Defendant's representation, the Court finds good cause to set aside the previously entered default. See Fed. R. Civ. P. 55(c). Plaintiff's motions for a default judgment, to enforce entry of default, and for a decision thereon will be denied as moot.

### B.  Subject Matter Jurisdiction

Before addressing Defendant's contention that the Court lacks subject matter jurisdiction over this action, the Court addresses the improperly filed second amended complaint. Because that pleading was filed absent a stipulation or leave of Court it will be stricken. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

The Court now turns to Defendant's argument that the operative first amended complaint at ECF No. 16 fails to invoke this Court's subject matter jurisdiction to review a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

/ / /

/ / /

A motion under Rule 12(b)(1), such as the currently pending motion to dismiss, challenges a federal court's jurisdiction to decide claims alleged in the complaint. See Fed. R. Civ. P. 12(b)(1). The motion may be a factual attack that looks beyond the pleadings to challenge "the substance of a complaint's jurisdictional allegations despite their formal sufficiency." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). When considering a factual attack on subject-matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Pub. Co. Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In support of Defendant's motion to dismiss, Defendant submits the declaration of Christianne Voegele, the Chief of Court Case Preparation and Review of the Office of Appellate Operations for the Social Security Administration. See ECF No. 26-1. The exhibits attached to Ms. Voegele's declaration establish that Plaintiff received a fully favorable decision from an Administrate Law Judge on March 29, 2009, determining that Plaintiff has been disabled since August 25, 2005. See id. at 4-12 (Exhibit 1 to Voegele declaration). Plaintiff was provided notice that she had a right to seek review by the Appeals Council within 60 days of the date of the Administrate Law Judge's decision. See id. Ms. Voegele also states that the agency's records indicate that Plaintiff never filed a request for review by the Appeals Council. See id. at 3.

Based on these facts, Defendant argues:

> The Court must dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). A court lacks subject matter jurisdiction if (1) the cause does not "arise under" any federal law or the United States Constitution, (2) there is no case or controversy within the meaning of that constitutional term, or (3) the cause is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962). Plaintiff bears the burden of proving that subject matter jurisdiction exists. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

\* \* \*

Plaintiff alleges jurisdiction based on 42 U.S.C. § 405(g). The Act provides that claimants must exhaust all available administrative remedies before seeking judicial review of any such claim. 42 U.S.C. § 405(g). "Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 145 (1992). The exhaustion requirement is "grounded in deference to Congress' delegation of authority to coordinate branches of Government," and recognizes that "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." Id. The exhaustion requirement also reflects the "commonsense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." Id. Judicial review pursuant to Section 405(g) requires a "final decision of the Commissioner of Social Security." The SSA regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a). If at any point the claimant does not pursue administrative appeal rights, the last administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481; see also 20 C.F.R. §§ 404.901, 416.1401 (defining "determination" and "decision").

The complaint in the instant action must be dismissed because Plaintiff never requested Appeals Council review of the March 29, 2009 ALJ decision (Voegele Dec., ¶ 3(a)-(b); Ex. 1). Instead of exercising her right to request Appeals Council review as provided by the notice with the ALJ's decision (Ex. 1, Pg. 1), Plaintiff prematurely filed her appeal with this Court. See Doc. No. 1. Consequently, this case should be dismissed as there is no "final decision" by the agency, and thus, no subject matter jurisdiction. See 20 C.F.R. § 404.900(a)(5) ("When you have completed the steps of the administrative review process . . . we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court").

ECF No. 26, pgs. 2-3.

Defendant's argument is well-taken.  As Defendant notes, under the regulations, administrative exhaustion is prerequisite to this Court's subject matter jurisdiction.  See McCarthy, 503 U.S. at 145.  To obtain a final decision which the Court has subject matter jurisdiction to review under § 405(g), Plaintiff must have sought review by the Appeals Counsel.  See 20 C.F.R. § 404.900(a).  Because Plaintiff failed to complete the administrative exhaustion process by seeking review by the Appeals Counsel within 60 days of the date of the Administrate Law Judge's decision, there is no final order for this Court to review and, as a consequence, this Court lacks subject matter jurisdiction.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's default entered by the Clerk of the Court, ECF No. 25, is set aside.

2. Plaintiff's motion for default judgment, ECF No. 31, is DENIED as moot.

3. Plaintiff's motion to enforce entry of default, ECF No. 43, is DENIED as moot.

4. Plaintiff's motion for decision, ECF No. 49, is DENIED as moot.

5. Plaintiff's second amended complaint, ECF No. 50, is STRICKEN.

6. Defendant's motion to dismiss, ECF No. 26, is GRANTED.

7. This action is DISMISSED for lack of subject matter jurisdiction.

8. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  August 17, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE